601 A.2d 913

**MERCY–DOUGLASS CENTER, INC., t/a Stephen Smith Home for the Aged, Petitioner,**

**v.**

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1991.

Decided Jan. 3, 1992.

452

Charlotte A. Nichols, for petitioner.

Catherine Steward, Asst. Legal Counsel, for respondent.

Before DOYLE and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Mercy–Douglass Center, Inc. (Mercy–Douglass), on behalf of Stephen Smith Home for the Aged, appeals from a final order of the Office of Hearings and Appeals of the Department of Public Welfare (DPW) which rejected their appeal and disallowed a cost for directors' and officers' liability insurance under 55 Pa.Code § 1181.271(22).

Mercy–Douglass is a non-profit corporation which owns and operates Stephen Smith Home for the Aged, a provider of intermediate nursing care to medical assistance patients under the Pennsylvania Medicaid Program.[1] As a provider, Mercy–Douglass is entitled to reimbursement by the Commonwealth of allowable costs for services to Medicaid patients. They annually file their records and cost reports,

1. Section 443.1 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, added by Section 5 of the Act of July 31, 1968, P.L. 904, *as amended*, 62 P.S. § 443.1.

and then DPW conducts an audit and determines the amount of reimbursement.

On September 25, 1989, Mercy–Douglass was notified, after an audit of costs for the fiscal year ending June 30, 1988, that DPW was disallowing a cost of $5,757 for directors' and officers' liability insurance premiums.[2]  Mercy–Douglass appealed the disallowance to a Hearing Examiner, who recommended that the premium be construed as an allowable expense and, therefore, the appeal be sustained.  The Director of the Office of Hearings and Appeals rejected the recommendation and denied the appeal, finding that those insurance premiums were improper remuneration to the directors which is disallowed under 55 Pa.Code § 1181.271(22), and, moreover, that it was an expense not related to patient care.  Mercy–Douglass filed a request for reconsideration, but DPW took no action on the request, making the order of the Director of the Office of Hearings and Appeals the final administrative action.  Mercy–Douglass then filed this petition for review.[3]

Mercy–Douglass contends that liability insurance is not remuneration to a director, but is an appropriate cost to induce qualified individuals to serve as directors whose duties and obligations directly affect patient care.

55 Pa.Code § 1181.271 states that "in determining the net operating costs of a facility, the Department will not allow expenses or revenues relating to:  ... (22) Remuneration of any kind for any purpose, including travel expenses for members of the Board of Directors."  There is no definition of remuneration in the regulations.  Remunerate is defined

---

2.  The initial reason given for the disallowance was 55 Pa.Code § 1181.271(18), which disallows the expense of directors' and officers' life insurance and is inapplicable to the cost of directors' and officers' liability insurance.

3.  This court's scope of review is limited to determining whether the adjudication is supported by substantial evidence, is in accordance with the law, or whether any constitutional rights were violated.  *Administrative Agency Law*, 2 Pa.C.S. § 704;  *Harston Hall Nursing & Convalescent Home, Inc. v. Department of Public Welfare*, 99 Pa.Commonwealth Ct. 475, 513 A.2d 1097 (1986).

as: "reward; recompense; salary; compensation", Black's Law Dictionary 1165 (5th ed. 1979); or as "to pay an equivalent for service, loss or expense; compensate; pay", Webster's Third New International Dictionary 1921 (1971).

Remuneration is typically considered compensation, salary or pay for those performing a service. It is a quid pro quo for the service rendered. Non-profit organizations, such as Mercy–Douglass, provide liability insurance for directors and officers to induce qualified individuals to serve on their Boards of Directors, not as a quid pro quo, but as protection for the directors from unforeseeable legal defense costs and possible damages arising from litigation relating to the operation of the non-profit organization. As Mercy–Douglass stresses, qualified individuals would decline to serve on a non-profit board if liability insurance is not provided because, without it, they would be exposed to potential damages in an endeavor where there is no benefit to them personally. By providing liability insurance to their directors and officers, the non-profit organization can assure potential directors and officers that they will be donating only their time, not their treasure. Moreover, by providing liability insurance, the organization receives a benefit because it is relieved of the obligation of indemnifying the directors if an action is successful. Without such insurance, the result of a large judgment against the directors could be insolvency for the non-profit organization. Because the liability insurance is not remuneration to a director, DPW's interpretation of Section 1181.271(22) is unreasonable.

■ Even though the liability insurance is not remuneration and, as such, is not specifically excluded from allowable costs, the cost must still be "related to patient care" to be allowed as a reimbursement cost under Section 1181.212(a).[4] Generally, a facility's direct or indirect allowable costs

4. 55 Pa.Code § 1181.212(a) provides:
   A facility's direct or indirect allowable costs related to patient care will be considered in the finding and allocation of costs to the MA program for its eligible recipients.

related to patient care are considered in the determination of costs for reimbursement. 55 Pa.Code § 1181.212(a), § 1181.362(a). Allowable costs related to patient care include those costs necessary to provide skilled or intermediate care and may include costs relating to insurance. 55 Pa.Code § 1181.212(c)(21). The Provider Reimbursement Manual, Part 1, § 2102.2(HIM 15), which is incorporated into the standards for determining costs by 55 Pa.Code § 1181.231(2), elaborates on what are allowable costs related to patient care:

> These include all necessary and proper costs which are appropriate and helpful in developing and maintaining the operation of patient care facilities and activities. Necessary and proper costs related to patient care are usually costs which are common and accepted occurrences in the field of the provider's activity.

Utilizing the analysis from the Manual, directors' and officers' liability insurance is a common and accepted expense in this field, is statutorily encouraged in the Non-Profit Corporation Law, and, as such, is indicative that it is related to patient care. 15 Pa.C.S. §§ 5741–5747.

Furthermore, 55 Pa.Code § 1181.212(c) lists costs that are allowable when necessary to provide patient care, and insurance is listed. Just as other types of insurance are related to patient care, liability insurance is also related to patient care, because the basic proposition is the same—to provide protection for the organization and its directors and officers from possible future loss so that it can use its resources in operating the facility.

■ DPW contends that Mercy–Douglass must establish that the absence of liability insurance would make it impossible to locate individuals who would serve as directors. That showing is not required, however, for the cost of insurance to be related to patient care. In *Leader Nursing Centers, Inc. v. Commonwealth, Department of Public Welfare*, 82 Pa.Commonwealth Ct. 53, 63–64, 475 A.2d 859, 860 (1984), involving the cost of meals provided to employees at a skilled care nursing facility which was disallowed

by DPW, we held the agency's interpretation that the cost was directly excluded was unreasonable and the cost should be allowed where the provider showed it was related to patient care. We did not require the facility to prove that it must provide meals to the employees for them to remain on the premises, but rather, that the provision of meals encouraged the employees to remain on the premises, in which case they were available in extraordinary emergencies, thereby making the meals related to patient care. *Leader,* 82 Pa.Commonwealth Ct. at 67, 475 A.2d at 867. Just as the employee meals in *Leader* encouraged the employees to stay on the premises, making them available for emergencies, likewise liability insurance encourages qualified individuals to accept non-compensated positions governing the operation of the facility providing patient care, thereby making the cost of liability insurance related to patient care.

While an agency's interpretation of its own regulation is generally entitled to judicial deference, deference is inappropriate where the interpretation is clearly erroneous or unreasonable. *Commonwealth, Department of Public Welfare v. Forbes Health System,* 492 Pa. 77, 422 A.2d 480 (1980). Because directors' and officers' liability insurance is not excluded by the regulations and instead is related to patient care, the determination by DPW disallowing the cost of directors' and officers' liability insurance is unreasonable and is reversed.

## ORDER

AND NOW, this *3rd* day of *January,* 1992, the order of the Department of Public Welfare dated December 6, 1990, Docket No. 23–89–162, is reversed. Jurisdiction relinquished.